GREISS ET AL. v. WILKOP ET AL.

1. PAYMENT OF INDEBTEDNESS OF FORMER PARTNERSHIP.

A firm of co-partners have the right, in good faith, to give the note of the partnership for the indebtedness of the former partnership for which the members of the new firm were liable.

2. VALIDITY OF CHATTEL MORTGAGE EXECUTED BY ONE MEMBER OF A CO-PARTNERSHIP.

A chattel mortgage executed by one member of a co-partnership and signed by him individually, and then in the firm name, both members of the firm having authorized its execution, although not signed by the other member of the firm individually, is valid without such signature, there being no stipulations that the mortgage was not to be binding until signed by the other member of the co-partnership.

3. INACCURATE DESCRIPTION OF DEBT SECURED BY THE MORTGAGE.

A chattel mortgage is not invalid as to third persons on account of uncertainty in the description of the debt intended to be secured, when upon the ordinary principles allowing extrinsic evidence to apply a written contract to its proper subject matter, the debt intended to be secured may be shown as between the parties, and the lien is not affected by a clerical inaccuracy in the description of the debt.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

It is claimed that the court of common pleas erred in overruling the motion of plaintiffs in error for a new trial, and in sustaining the mortgages given by the firm of J. Stenger & Co. to Joseph Wilkop, and to J. N. Busken for the full amount thereof.

Two objections are urged against the Wilkop mortgage which was given to secure a note of $725, made by the firm of J. Stenger & Co. to him shortly before such partnership had made an assignment to Mr. Granger for the benefit of its creditors. This note of $725 represented two other notes, one for $200, dated Oct. 2, 1890, admitted to have been given after the formation of the firm, and the other for $500, given May 9, 1890, as it is claimed, by the firm of J. Stenger & Co., when another person was a member of such firm, and for which it also is claimed the

Greiss et al. v. Wilkop et al.

last firm was not liable, and therefore, that in so far as this note is concerned, the $725 note was without consideration. We doubt whether it sufficiently appears that the $500 note was not given by the firm which assigned, but we are of the opinion that the assigning firm had the right, in good faith, to give the note of the partnership for the indebtedness of the former partnership for which the members of the new firm were liable.

It is further objected that the mortgage to Wilkop was not signed by Geo. H. Buskirk, a member of the firm of J. Stenger & Co., in his individual capacity, and therefore that under the facts in the case the mortgage was invalid.

It appears from the evidence that this mortgage, as well as the one to Busken, had been prepared by Mr. Granger on the direction of Stenger, both members of the firm having authorized the execution of mortgages to Wilkop and J. H. Busken. Mr. Stenger first executed them by signing his name individually, and then in the firm name of J. Stenger & Co., the mortgages both purporting to be the act of the firm, A blank line was left between the name of Stenger and the name of the firm, which Mr. Granger and, probably, Mr. Stenger, expected to be signed by Mr. Buskirk, the other partner. He was not then present, but on the same afternoon came to Mr. Granger's office and signed his name to his father's mortgage, but by mistake or otherwise omitted to sign his name to the Wilkop mortgage. We are of the opinion that the mortgage was valid without his signature. It was regularly signed in the name of the firm, and no stipulation of any kind made that it was not to be binding until signed by Busken, but directions were left by Stenger to have it filed first—and that was done. The assent of the firm thereto was sufficiently given.

It is further claimed that the Busken mortgage did not operate to secure a large part of the debt claimed, for two reasons; 1st. That in the condition of the mortgage itself and in the affidavit made to it by the mortgagee, a claim is made on a note dated Feb. 28, 1891, for $500, which was endorsed by said J. H. Busken, the mortgagee, for the use and accommodation of said firm of John Stenger & Co., and discounted by the National Lafayette Bank, of Cincinnati, and which the affidavit made by Busken (to show that the mortgage is taken to indemnify him against loss thereon), alleges to be then held by the Lafayette Bank. No such note is produced or proved, but one is produced dated May 27, 1891, which is said to be the one meant, and which the evidence tends to show was probably given in renewal of that of Feb. 28, 1891, described in the mortgage, and which was so described by mistake.

We understand the law to be that "a mortgage is not invalid as to third persons on account of uncertainty in the description of the debt intended to be secured, when upon the ordinary principle allowing extrinsic evidence to apply a written contract to its proper subject matter, the debt intended to be secured may be shown as between the parties." 11 Ohio St., 232; 12 Ohio St., 38. It is stated also that "a mortgage secures the debt, and not the note, bond, or other evidence of it;" and therefore when a note so secured is renewed, and a new one given in lieu of the first, the latter is secured by the mortgage. *Kuhns* v. *McGeah,* 38 Ohio St., 468, and authorities there cited.

It must be conceded that the law is, that a mortgage debt, secured by a mortgage, ought to be so described as to be notice to subsequent

purchasers or lien holders, or be sufficient at least to put them upon inquiry. But "the lien is not affected by a clerical inaccuracy in the description of the debt, as for instance in the date of the note secured or in the time of its payment." And " parol evidence is admissible to prove that the note produced is the note intended to be described." Jones on Mortgages, Sec. 354.

In the case at bar the amount named in the consideration clause was the true amount. The condition of the mortgage, and the affidavit of the mortgagee thereto, described three notes, one of $500, dated Feb. 28, 1891; one for $600, dated April 4, 1891; another for $500, dated June, 1891, all executed by John Stenger & Co. and affiant as surety, discounted at, and now held by the National Lafayette Bank and the Atlas National Bank. So far as the point now under consideration is concerned, this description was entirely accurate and sufficient, except that the note produced is dated May 27, '91, instead of Feb. 28, '91. But the evidence shows that the note of May 27, '91, was the note intended to be secured, having probably been given before the execution of the mortgage in lieu of that of Feb. 28, '91, and an inquiry at the banks would have shown what the debts held really were. And we are of the opinion that the mistake made in the description of the note ought not to prevent the mortgagee from having the lien of the mortgage to secure the last note of May 27, 1891.

It is further claimed that the mortgage should not be held to secure this note of May 27, '91, or that of June 18, 1891, for the further reason that the condition of the mortgage, and the affidavit to the mortgage, state that those notes were signed or endorsed as surety only, by John H. Busken, the mortgagee, when the notes produced show that they were not endorsed by him individually, but were endorsed by the firm of J. S. & G. H. Busken, of which the mortgagee was a member.

Much of what we have said on the last question is applicable to this also. The evidence shows that by an arrangement between the members of said firm, if one of the partners desired to do so, he could use the firm name in such transactions, and he become liable to the firm for any loss occasioned thereby. We think, then, the mortgagee had such a liability to loss as he individually might protect himself against, and that the mode in which the mortgage states that the indorsement was made was sufficiently explicit, and the judgment of the court of common pleas will therefore be affirmed, with costs, but without penalty.

*Ernest Rehm*, Att'y for Plaintiff in Error.

*Ben. Taylor* and *Mr. Molony*, for Defendant in Error.